Franklin L. Terrell v. Fred A. Weymouth.—Syllabus

such trial. Lovett vs. State, 29 Fla., 356, 11 South. Rep., 172.

The judgment of the court below is affirmed.

FRANKLIN L. TERRELL, APPELLANT, VS. FRED A. WEYMOUTH, APPELLEE.

PARTITION—ADMINISTRATOR CAN NOT HAVE—EQUITABLE ESTOPPEL BY CONDUCT.

1. An administrator has no authority to institute or maintain proceeding in equity for the partition of land in which his intestate was interested.

2. Where minors are interested in land involved in a partition proceeding, such proceeding and all orders made therein are void as to such minors unless they have been made parties thereto by service upon them personally.

3. Equitable estoppel by conduct, so far as it relates to the trial of title to land, is that doctrine by which a party is prevented from setting up his legal title, because he has, through his acts, words or silence, led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.

4. Estoppel depends upon the facts and circumstances of each case.

5. The land in controversy, in which the plaintiff and his brother and sister were originally equally interested, was sold for partition under proceedings that were void as to all of them by reason of their not being made parties thereto, but at such partition sale the brother and sister of the plaintiff, through their guardian, purchased the entire property: and the plaintiff afterwards, on coming of age, received from his guardian, to whom it was paid, his full proportion of the proceeds of such sale. After such sale the plaintiff's brother died intestate leaving the plaintiff and his sister his sole heirs at law. A short while before the plaintiff became of age his sister, claiming to own a half interest in said land by virtue of their purchase at

such partition sale, and an additional one-fourth interest therein by descent from her deceased brother, sold and conveyed the three-fourths interest therein thus claimed by her to one J. G. S.; and the plaintiff, on arriving at his majority, sold and conveyed the remaining one-fourth interest in the land to the said J. G. S., asserting to J. G. S. at the time of the delivery of the deed that such one-fourth interest so conveyed was the interest that he derived by descent from his deceased brother and that it was all the interest that he did or could own·therein. Nearly seven years after such conveyance by the plaintiff to J. G. S., the plaintiff paid into the registry of the court, by whose order the land had been sold for partition, the amount of money, with interest, received by him as his proportion of the proceeds of such partition sale, and brought ejectment against the defendant, who derived title from J. G. S., to recover a one-twelfth undivided interest in the land to which he would have been entitled, in addition to the one-fourth interest expressly conveyed by him to J. G. S., in the event that he could successfully avoid such partition sale to his sister and deceased brother: *Held*, That his declarations to J. G. S. at the time of his conveyance to him of the one-fourth interest, coupled with his admission of knowledge of the conveyance by his sister of the other three-fourths interest to the same vendee, and his unexplained acquiescence therein for nearly seven years after arriving at full age, amounted, under the circumstances, to an acquiescence in and ratification by him of such partition sale, and that he was estopped from assailing it as against his grantee, J. G. S. and his assigns.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*J. M. Cheney* and *Arthur F. Odlin* for Appellant.

*C. F. Akers* and *Geo. R. Newell* for Appellee.

TAYLOR, J.:

The appellant, on the 29th of February, 1888, sued the appellee in ejectment, in the Circuit Court of Or-

ange county, for the recovery of the possession of an undivided one-twelfth interest and estate in and to the s. w. 1-4 of the n. w. 1-4 of section 36, township 22 south, range 29 east, containing 40 acres. The parties by agreement waived a jury and submitted the cause to the judge of the court below for adjudication upon both the law and facts. The trial resulted in a judgment in the defendant's favor, and the plaintiff appeals here.

From an agreed statement of facts it appears that Lucinda Terrell, the mother of the plaintiff, died in August, 1860, owning in her own separate right, the whole of the n. w. 1-4 of said section 36, of which the land in controversy is a part. That she left four heirs at law, *viz*: her husband, George W. Terrell, Mary Hughey and Barnard Hughey, two children by a former marriage, and Franklin Terrell (the plaintiff,) her child by her last husband. That the husband, George W. Terrell, conveyed his undivided one-fourth interest in said land to one Henry Robinson. That Robinson afterwards died, and Catherine F. Reaves became his administratrix. That the said Catherine F. Reaves, as administratrix of Robinson, on October 16th, 1873, filed a petition in the Circuit Court of Orange county for the partition of said land against William J. Brack, as guardian *ad litem* for the minors, Mary Hughey, Barnard Hughey and Franklin L. Terrell. That a decree for the sale of said land for partition was rendered in said suit, and three commissioners were appointed to make the sale thereof; and that said commissioners sold the same for partition on September 4th, 1874; James P. Hughey, *as guardian*, for the two minor heirs, Mary Hughey and Barnard Hughey, becoming the purchaser of 123

acres that included the lands sued for herein, and taking a deed to himself, for their benefit, as guardian. That the plaintiff, Franklin Terrell, arrived at the age of 21 years on the 23rd day of June, 1881, and then had a final settlement with his guardian, in which he received from his guardian the amount of his full *pro rata* share of the money arising from the sale of said land under said partition proceedings, but did not know *at the time* that the money came from the sale under said partition proceedings. That a short time before bringing this suit he paid the amount so received into the registry of the court below, with interest from the date of said partition sale as a tender or refunding. That the plaintiff would be 28 years of age on June 23rd, 1888. That in 1877 Barnard Hughey, one of the wards for whom James P. Hughey, as guardian, purchased said land, died a minor, unmarried, and without having conveyed his interest in said land, and leaving as his sole heirs at law his sister of the full blood, Mary E. McCall (*nee* Mary E. Hughey), and the plaintiff, Franklin L. Terrell, who was his half brother. That on the 23rd day of June, 1881, upon coming of age, the plaintiff conveyed by warranty deed to one John G. Sinclair, from whom the defenant derives his title, an undivided one-fourth interest in and to the 40 acres of land out of which the undivided one-twelfth interest is sought to be recovered herein, for the consideration of $200; and that Mary E. McCall (*nee* Hughey), the plaintiff's half-sister, and her husband conveyed to the said John G. Sinclair by deed the other three-fourths interest in said 40 acres. That the defendant, and those under whom he claims, have been in the quiet and adverse possession of said land under claim of title since the partition sale to James P. Hughey, as guardian, on

September 4th, 1874, and that the defendant is a pur-chaser for value. The plaintiff admitting that there is a regular chain of title from the said James P. Hughey, guardian, down to and in the defendant. By the agreement both parties were to have the privilege of introducing other evidence outside of the above facts agreed upon.

The plaintiff introduced in evidence the original rec-ord of the proceedings in the partition suit instituted by Catherine F. Reaves, as administratrix of the es-tate of Henry Robinson deceased, against W. J. Brack, as guardian *ad litem* for the three minor heirs of Lu-cinda Terrell, deceased, including the petition, various orders appointing commissioners in partition, the re-port of the commissioners of their inability to divide the land in severalty without detriment to the inter-ests of the parties entitled, the decree of the court or-dering the sale for partition, the report of the sale and decree confirming the same. The plaintiff's object in introducing this record was to show that said partition sale was void because the minor heirs of Lucinda Ter-rell, including himself, were not properly made par-ties thereto, and because the petitioner, Catherine F. Reaves, in her capacity as *administratrix* of the es-tate of Henry Robinson, deceased, could not alone main-tain proceedings for the partition of lands in which her intestate was interested.

If this partition sale was valid, then by the purchase thereat, the two minors, Mary E. Hughey and Barnard Hughey, the half-sister and half-brother of the plain-tiff, became vested with the title to the entire tract of land left by their mother, each of them acquiring a one-half interest therein; and upon the death of Bar-nard while still a minor and without issue, his thus ac-quired one-half interest descended to his sister Mary E.

and to his half–brother, the plaintiff, Franklin L. Terrell, in the proportion of two-thirds of such half interest to his sister of the full blood, Mary E., and the other one-third thereof to his half brother, the plaintiff, which would have vested in the plaintiff, by descent from his half-brother, a one–sixth interest in the entire tract. But if such sale was a nullity and void as to all of said three minors, then each of them owned a one-fourth interest only by descent from their mother, Lucinda Terrell; and, upon the death of Barney Hughey, as aforesaid, his one-fourth interest descended in the proportion of two-thirds thereof to his sister of the full blood, Mary E., and the other one-third thereof to his half-brother, the plaintiff, entitling Mary E. to her own one-fourth plus two-twelfths inherited from Barnard, equaling eight twelfths of the whole; and entitling the plaintiff to his own one-fourth plus one-twelfth, inherited from his half-brother, Barnard, equaling four-twelfths of the whole. The plaintiff does not dispute the sale and conveyance by him to John G. Sinclair of a one-fourth interest in the forty acres in controversy; but seeks by this suit to annul the partition sale, and thereby to make it appear that he only sold and conveyed to John G. Sinclair his one-fourth interest in the 40 acres in dispute that he inherited *directly from his mother*, and that he still owns and retains the one-twelfth interest therein, that he is now contending for, that he inherited from his half-brother, Barnard Hughey.

That the partition proceedings and sale were void, we have no doubt, 1st, because Catherine F. Reaves, in her capacity as administratrix of Henry Robinson, deceased, had no authority to institute or maintain

such proceedings (Whitlock vs. Willard, 18 Fla., 156; Greeley vs. Hendricks, 23 Fla., 366, 2 South. Rep., 620); and, 2nd, because the three minors interested were not made parties thereto by having process served upon them personally. McDermott vs. Thompson, Executor, 19 Fla., 352; s. c., 29 Fla., 299, 10 South. Rep., 584. But the appellee contends that the appellant is estopped by his conduct, actions and declarations since said partition sale and since arriving at full age, from now assailing or questioning its validity; and that his conduct, acts and declarations since his arrival at the age of his majority amount to such an acquiescence in and ratification of such partition sale as to preclude him from now gainsaying or attacking its validity. Equitable estoppel, or estoppel by conduct, so far as it relates to the trial of title to land, is defined to be: "That doctrine by which a party is prevented from setting up his legal title, because he has, through his acts, words or silence, led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience." Sedgwick & Wait on Trial of title to land, sec. 843. Whether the plaintiff is estopped depends upon the facts and circumstances of the case· It appears from the admissions and proofs that upon his arrival at the age of his majority, the plaintiff received in money from his guardian, in a settlement then had with him, his full *pro rata* share, as an heir at law of his mother, of the proceeds of the partition sale of the entire tract of land. There is no allegation or pretence even that the land when sold for partition did not bring its full and fair value at that time; or that the amount received by the plaintiff from his guardian as his share of the proceeds of such sale was not a full and fair equivalent at that time for his in-

terest in the land sold. His half-sister and half-brother, through their guardian, became the purchasers at such partition sale, and thereby became clothed with some semblance of title by which they believed they became vested with a valid title to a one-half interest and estate, each, in and to said land. The parties have admitted that the plaintiff, at the *time that he accepted* from his guardian his share of the proceeds of such sale, was ignorant of the fact that the money arose out of or came from such sale, but it is not shown how long thereafter the plaintiff continued in ignorance of such fact. John G. Sinclair, from or through whom the defendant derives his title, swears that the plaintiff, at the time he executed to him the warranty deed to the one-fourth interest in said 40 acres of land (a part of which is the land in controversy), represented to him and told him that all the interest that he could own in said land was a quarter interest therein *that he inherited from his deceased half-brother*, Barnard Hughey. From the proofs it appears that all the parties acted under the belief that upon Barnard Hughey's death, his half-brother, the plaintiff, inherited an equal share of his half interest acquired at the partition sale, as did Barnard's sister of the full blood, Mary E., which would entitle the plaintiff, as he represented to Sinclair, to a one-fourth interest in the whole. This understanding was acted upon, too, by Mary E., since we find her conveying to Sinclair a three-fourths interest in the same 40 acres only a short while before the plaintiff conveyed the remaining one-fourth interest therein. That the plaintiff did represent to Sinclair that his only interest in the land was that which he derived by descent from his deceased half-brother, and that such interest was a one-fourth interest, is not denied. He admits that

Sinclair purchased the other three-fourths interest from his half-sister, Mary E. He remains silent and permits his half-sister to assert title in herself to three-fourths of the property; and, in silence, permits Sinclair to purchase such three-fourths interest from her, and asserts at the same time that he owns only one-half of his deceased brother's half interest, or a fourth of said land, and, upon such assertion sells and conveys such interest to Sinclair, waits in silence for nearly seven years until the land has ceased to be longer known by the government numbers of its original survey, as when sold by him, and has acquired a description as part of a city before undertaking to assail such partition proceedings. Though the plaintiff may not in fact have known at the time that he received from his guardian his share of the proceeds of the partition sale, the source from whence the money came, yet when his half-brother died, and he became the claimant *as his heir at law* of one-fourth interest in the whole tract as being the equivalent of one-half of the interest that his deceased brother owned therein, he must have known that his brother's interest was a half interest, and how his half-brother acquired such half interest therein, that it was by means of such partition sale. If he was ignorant thereof, then under the circumstances, in view of his undenied assertions to Sinclair, such ignorance on his part was inexcusable. Sinclair swears that when he accepted the deed to the one-fourth interest from the plaintiff he would never have accepted it had he not believed, and had not the plaintiff asserted and believed, that such fourth interest was *all the interest* that the plaintiff had; and this is not denied or contradicted in any way. Holding himself out to Sinclair as being the owner *by descent from his deceased half-brother* of one-half of such de-

ceased brother's one–half, and actually receiving pay for and conveying such interest *as being inherited from such brother*, was a recognition and acknowledgment upon his part that his said half–brother did own a half interest in the whole of such tract of land, and such half interest being acquired by such half–brother at such partition sale, amounted, under the circumstances, to such an acquiescence in and ratification by him of such sale, that he is now estopped from assailing its validity.

The judgment appealed from is, therefore, affirmed.