ANNIE CORAM *et al., Plaintiffs in Error,* v. B. H. PALMER, *Defendant in Error.*

1. Equitable estoppels are proper defenses in actions of ejectment in this State, and evidence of such estoppels is admissible under the plea of not guilty.

2. Equitable estoppel, so far as it relates to the trial of title to land, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words or silence, led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.

3. If one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person.

4. Where a party entered on and made final payment for government land, but died about 1846, before obtaining patent for the land, and for more than 30 years others have had possession of the land and put improvements on it, claiming ownership of it by virtue of deeds of conveyance primarily from the administrators of the deceased entryman, during which time the heirs of the decedent made no claim to the land, and there are no circumstances to prevent such possession and improvement under claim of ownership from operating as an equitable estoppel against such heirs, in an action of ejectment brought to recover the land on a patent issued in 1906 in the name of the deceased entryman, a judgment for the defendant will be affirmed.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Plaintiffs in Error;

*Palmer & Palmer,* and *R. T. Boozer,* for Defendant in Error.

WHITFIELD, C. J.—A judgment for the defendant was rendered in an action for ejectment and the plaintiffs took writ of error.

It appears that James Niblack entered upon lands of the United States including that in controversy and made the final payments thereon before his death, about 1846, but the patent therefor was not issued until 1906. In 1849 the land was in the possession of William B. Ross, who put improvements thereon. He was succeeded in possession by his son who was succeeded by Arthur Daughtry, whose administrators sold to B. H. Palmer, in 1887, by whom it was improved. The plaintiffs in error are the grand children and only heirs of James Niblack. They claim title to the land under the patent issued in 1906 to James Niblack, who had paid for it before he died, about 1846. Whether the deeds of conveyance by the administrators of James Niblack to the defendant's predecessor in title and other succeeding deeds of conveyance were properly admitted in evidence or not, there is substantial evidence that such conveyances were made, and that without any objection from the plaintiffs or their predecessors in title or any suggestion of a claim by them, the possession of the land for more than 30 years has been held under claim of ownership by the defendant and the persons through whom he claims to hold title and possession by deeds of conveyance; and also that improvements were put upon the lands. There is no showing of any circumstances that would prevent such possession and improvement by successive claimants from operating as an estoppel of the plaintiffs, even though

the patent to the plaintiffs' ancestor was not issued till 1906, the payment for the land having been made by the ancestor before his death, about 1846. The circumstances all show the justice of the application of the principles of equitable estoppel.

Equitable estoppels are proper defenses in actions of ejectment in this State, and evidence of such estoppels is admissible under the plea of not guilty. Equitable estoppel, so far as it relates to the trial of title to land, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words or silence, led another to take possession in which the assertion of the legal title would be contrary to equity and good conscience. If one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727.

Trial was had on a plea of not guilty and among other instructions the court charged the jury that "If you believe the plaintiffs or those with whom they may be in privity and under whom they claim, stood by and saw other parties delivering title to the land in question, cultivating and improving them for twenty years or more when there was no impediment to bring suit and recover them, and during the time made no claim to the land, their claim becomes stale, and they cannot recover the land, although they may have legal title to it." The contention is that the facts do not constitute an equitable estoppel. A careful consideration of all the evidence in the case to which no valid objection may be interposed warrants the charge given and the verdict rendered

for the defendant and approved by the court in denying the motion for new trial.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL, AND HOCKER, J. J., concur.