JAMES R. BLACKISTON, *Plaintiff in Error,* v. MELITHA SMITH AND HER HUSBAND STEPHEN SMITH, EVELINA MURRAY AND MARY KNIGHT, *Defendants in Error.*

Opinion Filed January 18, 1917.

1. In an action of ejectment evidence of an equitable estoppel is admissible under the general issue.

2. Evidence tending to prove an equitable estoppel against the plaintiff in ejectment or tending to prove an equitable title in defendant's grantor claiming under the plaintiff, should not be excluded upon the ground that such evidence is immaterial and irrelevant, although such evidence may not be sufficient of itself for such purpose.

3. Mere lapse of time during which plaintiff in ejectment fails to assert title to land owned by him does not of itself work an estoppel against him.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*Raymond B. Bullock,* for Plaintiff in Error;

*R. McConathy,* for Defendants in Error.

Ellis, J.— The defendants in error brought an action of ejection in the Circuit Court of Marion County against James R. Blackiston, the plaintiff in error, to recover a lot of land in the Northwest quarter of Section 18, Township 15, Range 22 East in Marion County, and mesne profits. The defendant pleaded the general issue. The cause was submitted to the judge without a jury who found that Melitha Smith was the owner in fee simple and entitled to the possession of an undivided one-fourth interest in the lot described, and that Mary Knight and Evelina Murray were each the owner in fee simple of an undivided one-twelfth interest in the land; that Melitha Smith should recover mesne profits in the sum of fifty-two dollars and Mary Knight and Evelina Murray each should recover seventeen dollars and fifty cents. A judgment was entered in accordance with this finding and the defendant Blackiston took a writ of error.

The evidence shows that Stephen Fant was the owner in fee of the land described in the declaration and died intestate about forty years ago, leaving surviving him his wife and four children, Melitha Smith, Hagaar Pendleton, the mother of Mary Knight, and Evelina Murray and Amaziah and Hezekiah Fant. Stephen Fant's widow married one Robinson, and afterward she married E. B. Tobin, and died about 1906, her husband Tobin surviving her. Before her death Mary Tobin made a will in which she undertook to devise the lot in dispute to her husband, E. B. Tobin. Blackiston, the defendant below, claimed title under E. B. Tobin. The plaintiffs below, Melitha Smith, Mary Knight and Evelina Murray, claim title to the lot as heirs of Stephen Fant. Mary Fant, the widow of Stephen, lived upon the lot, used it as her home and was in possession of it when she died in 1906.

The defendant offered to prove by certain witnesses

that after the death of Stephen Fant, Mary, his widow, who afterward married Tobin, had an understanding with Melitha Smith and Hagaar Pendleton, her two daughters, whereby in exchange for their interests in the lot in dispute, she gave to them two other lots, her separate property, numbered 1 and 4 of Block 15 New Survey North in Ocala; that pursuant to this understanding Melitha Smith and Hagaar Pendleton went into possession of said lots and claimed them as their own in lieu of their interests in the property in litigation. The plaintiff below objected to this proposed evidence, however, upon the ground that it was irrelevant and immaterial. The court sustained the objection upon the ground that such understanding or agreement could not be shown under the plea of not guilty. To which ruling the defendant duly excepted.

The questions propounded by the defendant to the witnesses July Brown, Melitha Smith and Walker Swann sought to elicit from those witnesses the existence of the alleged agreement between Mary Fant and her daughters, and if the agreement entered into between them and acted upon constitutes an equitable estoppel against the plaintiffs, then the ruling of the court below in excluding it was error, because evidence of an equitable estoppel is admisssible under the general issue in an action of ejectment. See Coram v. Palmer, 63 Fla. 116, 58 South. Rep. 721 ; McGill v. Dartist, 69 Fla. 587, 68 South. Rep. 177 ; Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727 ; Terrell v. Weymouth, 32 Fla. 255, 13 South. Rep. 429. An equitable estoppel or an estoppel by misrepresentation cannot spring from silence or acquiescence unless the circumstances which it is insisted give rise to it, make it the duty of the person against whom it is invoked to speak. As was said by Mr. Justice WESTCOTT, speaking for the

court in Neal v. Gregory et al., 19 Fla. 356, the doctrine is illustrated by the maxim "that he who is silent when conscience requires him to speak should be debarred from speaking where conscience requires him to be silent." It is not claimed that the two daughters Melitha and Hagaar by any act or word of theirs induced the plaintiff in error to act upon the belief that they had relinquished their rights or interests in the lot which was their father's property, nor is it claimed that the plaintiff in error knew of the agreement between Mary Fant and her daughters, nor that they had by any word or act represented or admitted to him that there had been such an agreement, nor that they had for any reason or consideration relinquished their right to the property. Nor is there any claim that the plaintiff was misled to his injury by any act or word of the two defendants in error to purchase the property from Mary Tobin, nor that his action in purchasing the lot was in the slightset degree affected by their acts, nor that their acts were to any extent the motive or inducement for his action. The proffered evidence does not show that the two women knew of the intended purchase of the lot by the plaintiff in error and that they could therefore have forbidden it. In short, there is nothing in the proffered evidence to show that Melitha and Hagaar were ever required by "conscience to speak," and therefore might not have been sufficient to prove an estoppel; but it cannot be said, however, that the proffered evidence was not material or relevant as *tending* to prove an estoppel. Nor was it irrelevant nor immaterial as tending to establish an equitable interest in the Fant property in Mary Tobin.

The contention of counsel that failure to assert title to the property for such a length of time that the statute of limitations had almost run constitutes an estoppel, is

unsound, otherwise the doctrine would supplant the statute.

For the error pointed out in excluding the proffered testimony the judgment is reversed.

BROWNE, C. J, and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.