FLORIDA LAND INVESTMENT COMPANY, *Plaintiff in Error*, v. LUCY R. WILLIAMS, et al., *Defendant in Error*.

Division B.

Opinion filed April 17, 1928.

*Charles E. Pelot* and *George C. Bedell*, Attorneys for Plaintiff in Error;

*Charles A. Powers, Scott M. Loftin* and *Robert H. Anderson*, Attorneys for Defendants in Error.

TERRELL, J.—Plaintiff in error, as plaintiff below, brought an action of ejectment in the circuit court of Duval County to recover possession of Block 121 in Pablo Beach North. The declaration was as prescribed by statute, the plea of not guilty was entered, the issues were submitted to a jury, and a verdict was returned for the defendants. Judgment was entered on the verdict and writ of error was taken to this Court.

The record discloses that the Florida Land Investment Company bought the land involved in this cause from F. T. Nooney, November 8, 1913, paying part of the purchase

price in cash and giving Nooney a purchase money mortgage for the balance. It later developed that Nooney had an imperfect title to said lands, so to perfect the title acquired from Nooney the Florida Land Investment Company on December 26, 1913, bought the title of Florida East Coast Railway Company therein. On March 4, 1915, Nooney assigned his purchase money mortgage to Lucy R. Williams, defendant in error, who on December 22, 1915, instituted her suit to foreclose the same. Final decree in the foreclosure suit was entered September 20, 1917, and she was put in possession by virtue of a writ of assistance May 28, 1918.

Florida Land Investment Company then brought this action of ejectment predicating its right to recovery on a perfect record title by mesne conveyances from the United States. Mrs. Williams' defense to this action was, that the mortgage given by Florida Land Investment Company to Nooney and assigned to her contained full covenants of warranty and that the subsequently acquired title from the Florida East Coast Railway Company inured to her benefit and was acquired by her through the foreclosure proceedings. As against Mrs. Williams, Florida Land Investment Company contended that the outstanding and paramount title held by the Florida East Coast Railway Company and purchased by it was not covered by the warranties of the purchase money mortgage from Nooney.

Judgment in favor of Mrs. Williams was rendered which on writ of error to this Court was reversed on the ground that the mortgage being a purchase money mortgage given as a part of the transaction in which the premises were purchased was an exception to the general rule, that where a mortgage contains full covenants of warranty, title acquired by the mortgagor after the execution of the mortgage inures to the benefit of the mortgagee. Florida

Land Investment Company v. Williams, 84 Fla. 157, 92 So. R. 876.

The mandate from this Court went down in due course and a new trial was had, resulting in a verdict and judgment in favor of Mrs. Williams to which the instant writ of error was taken.

On the second trial Mrs. Williams' defense was predicated on an equitable estoppel extracted from the following statement of facts:

"The Florida East Coast Railway Company had an agreement with Nooney to the effect that if Nooney would engage counsel and assist it in clearing title to Block 121 in Pablo Beach North with other lands owned by it (Florida East Coast Railway Company), it would quit-claim any right or title it had in and to said Block 121 to said Nooney and would make no claim thereto. That Florida Land Investment Company acquired title to said Block 121 from the Florida East Coast Railway Company on the representation that it had secured the Nooney title inducing said railway company to believe that when it gave its quit-claim deed to Nooney it was fulfilling its agreement with him, consequently Florida Land Investment Company got that title charged with a trust in favor of Nooney and in favor of Mrs. Williams claiming through Nooney. Florida Land Investment Company is, therefore, estopped to assert the title acquired by it from the East Coast Railway Company against Mrs. Williams because the said railway company is likewise estopped from doing so."

As against the equitable estoppel so set up as a defense by Mrs. Williams, Florida Land Investment Company set up its counter estoppel extracted from the following statement of facts:

"Florida Land Investment Company advised Nooney that it had discovered that the paramount title to the lands

in question was in the Florida East Coast Railway Company and that, although Nooney had warranted said title he refused to acquire title from the Florida East Coast Railway Company. Nooney kept silent touching his agreement with the Florida East Coast Railway Company to quit-claim to him. Florida Land Investment Company denied that it procured the deed from the Florida East Coast Railway Company for the purpose of protecting the Nooney title, but contended that said deed was given in consideration for certain improvements made by it for the Florida East Coast Railway Company in the vincinity of the lands covered by said deed."

An equitable estoppel as affecting land titles is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words or silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience. Terrell v. Weymouth, 32 Fla. 255, 13 So. R. 429; Hagan v. Ellis, 39 Fla. 463, 22 So. R. 727; Coram v. Palmer, 63 Fla. 116, 58 So. R. 721; Thomas v. Goodbread, 78 Fla. 278, 82 So. R. 835. An equitable estoppel is a proper defense to an action of ejectment in this State and evidence to support it is admissible under the plea of not guilty.

The rule is also well settled that if the defendant offers an estoppel as his defense the plaintiff may assert a counter estoppel and proof of the counter estoppel sets the matter at large, that is to say one estoppel neutralizes the other, leaving the matter as if neither estoppel had been offered. Branson v. Wirth, 17 Wall. 32, 21 L. Ed. 566; Shaw v. Broadbent, 129 N. Y. 114, 29 N. E. R. 238, 21 C. J. 1110, 10 R. C. L. 841. When it comes to proving the estoppel or the counter estoppel each party carries an equal re-

sponsibility. Such proof must be clear, convincing and free from reasonable doubt.

The cause went to the jury on testimony supporting both the estoppel and the counter estoppel. Which was proven, may be said to be the main question presented for their solution. It was for the jury to solve this question. The evidence was contradictory, but it resolved all doubts in favor of the truth of the facts constituting the estoppel and returned its verdict for the defendant. On the record made we are unable to say that error was committed.

The jury reaching the conclusion that the estoppel was proven necessary believed the purported agreement between Nooney and the Florida East Coast Railway Company. It follows that the Florida East Coast Railway Company was trustee for Nooney and that the quit claim deed given by it to Florida Land Investment Company was charged with a trust in favor of Mrs. Williams, the defendant in error. The burden proving such trust appears to have been fully carried and to have complied with the rule announced by this Court in Quinn v. Phipps, 93 Fla. 805, 113 So. R. 419, and cases cited.

Other errors assigned have been considered but on the whole showing made we are unable to say that revesible error was committed so the judgment below is affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., concurs in the conclusion; BROWN, J., concurs in the opinion.

STRUM, J., dissents.

STRUM, J. (dissenting):

In my judgment the evidence wholly fails to show the existence of a resulting trust in favor of Nooney with

reference to the Florida East Coast title which can avail him or the defendant (Nooney's assignee under the purchase money mortgage) as against this plaintiff under the circumstances conclusively established by the evidence. I therefore dissent.