A. G. SMITH, *Plaintiff in Error,* v. PETER G. CARAVASIOS, *Defendant in Error.*

Division A.

Opinion filed July 13, 1928.

Petition for rehearing denied November 2, 1928.

*James F. Glen,* for Plaintiff in Error;

*Huffaker & Edwards,* for Defendant in Error.

ELLIS, C. J.—In December, 1911, B. J. Case by a warranty deed conveyed the following described land to A. G. Smith and S. L. Griffin: The east half of the northeast quarter and east half of lot four (4) section twenty-four (24) township thirty-four (34) south of range twenty-eight (28) east, comprising one hundred (100) acres more or less. The land was then located in DeSoto County, Florida.

Lot four is a government lot which lies east and north of the shore line of Lake Jackson and south of the half section line of section twenty-four in the above described township and range. The shore line of the lake intersects the half section line of the section at a point about 1654 feet west of the east line of the section; then, curving slightly to the south westward until it reaches a point about 425 feet west of the median line separating the east and west halves of the southeast quarter of the section it turns sharply to the southwest until it reaches a point about 635 feet from that line thence eastwardly until it reaches that line about 1082 feet south of the half section line. From that point its direction is east 30 degrees north until it reaches the eastern section line of the section 700 feet south of the half section line.

According to the calculations made by an engineer who testified in the case the lot contains approximately thirty-eight acres. About twenty-seven acres lie in the northeast

quarter of the southeast quarter of the section and the remaining eleven acres in the northwest quarter of the southeast quarter. The "east half" of the lot is comprised within lines drawn from the east line of the section on the half section line west nine hundred and thirty feet, thence south to the shore line of the lake, thence east along said shore line to the east line of the section, thence north on said line about seven hundred feet to the point of beginning.

On the 16th day of November, 1917, B. J. Case and wife conveyed by warranty deed to Peter G. Caravasios, Nick G. Caravasios and William G. Caravasios the "west half of lot four (4), section twenty-four (24), township thirty-four (34) south of range 28 east."

On March 25, 1920, Nick G. Caravasios, William G. Caravasios and wife conveyed to Peter G. Caravasios by warranty deed all their interest in the west half of the lot.

In September, 1923, Peter G. Caravasios began an action of ejectment against A. G. Smith in the Circuit Court for Highlands County to recover possession of a part of the west half of the lot. There were two counts in the declaration. The first described the land by lines beginning on the half section line of the section at the southwest corner of the southeast quarter of the northeast quarter of section twenty-four and then running east on the line four hundred and ninety-three feet, thence south to the shore of the lake, thence west along the shore to the west boundary line of the northeast quarter of the southeast quarter of the section, thence north to the point of beginning. The second count of the declaration claimed only 390 feet from the point of beginning, thence south to the lake, thence west along the shore to the west line of the quarter section, thence north to the beginning.

The defendant pleaded first, that he was not in posses-

sion; second, not guilty and third, an equitable plea, the substance of which was that when Griffin and the defendant obtained the deed from case to the east half of lot four the intention of the grantor and grantee was that the former should convey and the latter would purchase all that portion of lot four which lies between the eastern line or boundary of the section and the western boundary line of the northeast quarter of the southeast quarter and north of the lake shore and south of the half section line; that all negotiations were conducted between the parties to that end; that such was their purpose and expressed intention and that the price per acre and number of acres were fixed and computed in view of such purpose; that the acreage thus computed was estimated to be about ''one hundred acres more or less''; that after the deed was executed the grantor, Case, and the defendant Smith caused the lot to be surveyed and a dividing line established on the west boundary line of the northeast quarter of the southeast quarter down to the shore of the lake; that Griffin and the defendant Smith went into possession and had for six years openly and peaceably occupied all that part of the lot lying east of the line so established; that when the plaintiff obtained his deed from Case the plaintiff knew of the defendant's occupancy and claim of ownership to the land described in the declaration and that it was the intention of the plaintiff to purchase and of Case to sell only that portion of the lot four which lies west of the west boundary line of the northeast quarter of the southeast quarter.

There was a trial and verdict for the plaintiff to the land described in the second count. That is to say, to the line beginning at the 390 foot point from the southwest corner of the southeast quarter of the northeast quarter. Judgment was entered accordingly and the defendant took a writ of error.

The plea admitted and the evidence shows that both plaintiff and defendant claim under a common grantor.

It is contended that the evidence fully supported the plea and that the referee before whom the case was tried should have found for the defendant.

We do not agree to that proposition. Assuming that the plea was valid, about which there is much doubt because if it was the purpose of the pleader to aver that when the plaintiff took a deed to the west half of the lot the defendant was in the adverse possession of the land described in the declaration either with or without color of title, the plea was bad as setting up a legal defense. If it was the purpose to set up the plaintiff's claim of title it was bad. If the plea is a mere equitable estoppel the estoppel could have been shown under the general issue. See Barco v. Fennell, 24 Fla. 378, 5 So. R. 9; Johnson v. Drew, 34 Fla. 130, 15 So. R. 780; 43 Am. St. R. 172; Hagan v. Ellis, 39 Fla. 463, 22 So. R. 727; 63 Am. St. R. 167; Coram v. Palmer, 63 Fla. 116, 58 So. R. 721; Blackiston v. Smith, 73 Fla. 25, 73 So. R. 839; Thomas v. Goodbread, 78 Fla. 278, 28 So. R. 835.

All matters of legal defense may be given in evidence under the general issue in an action of ejectment. McKinnon v. Johnson, 57 Fla. 120, 48 So. R. 910.

If the theory of the plea was the mistake of the grantor and his grantees in the two deeds executed by the former for the east and west halves of the lot respectively it can scarcely be considered sufficient in its averments. It is not averred that in executing the deed to Griffin and Smith a mistake was made in describing the lot as the "east half of lot four" instead of describing it as all that portion of the lot lying east of the west line of the northeast quarter of the southeast quarter. On the contrary the plea avers that the deed also described the east half of the northeast

quarter of the section and that the parties computed the total amount of the acreage conveyed at one hundred acres and the price of twenty-five dollars was agreed upon and ''set'' by the owner as a result of such negotiations, and the price was paid to the owner by the purchasers at twenty-five dollars per acre in ''full consideration for one hundred acres.'' It is not averred that the purchasers did not receive nor that the land described does not embrace one hundred acres. So if the purchasers received and the deed conveys one hundred acres within the boundaries set forth it would be difficult to discover what there is of the defendant's equity that would entitle him to relief if judgment was obtained by the plaintiff. See Horne v. Carter, 20 Fla. 45.

A court of equity does not rectify contracts but only the instruments purporting to but not in fact evidencing the terms of the contract. The writing, in this case the deed, is deemed to be the sole expositor of the intention of the parties until the contrary is established beyond a reasonable doubt. The *allegata* and *probata* must reciprocally meet and correspond. The proof must be full and satisfactory and conform to the averments on which the reformation is sought and the averments must likewise be full and satisfactory. See Horne v. J. C. Turner Cypress Lumber Company, 55 Fla. 690, 45 So. R. 1016; Robinson Point Lumber Co. v. Johnson, 63 Fla. 562, 58 So. R. 841.

There were no averments of fiduciary relations nor overreaching between the parties. On the contrary the parties dealt with each other on an equal footing so far as any averments in the plea to the contrary exist. Horne v. J. C. Turner Cypress Lumber Company, *supra.*

Considering the evidence in the case it appears that the finding of the referee was not only supported by the evidence but a contrary finding would have been unwarranted.

It appears that Lot 4 contains approximately thirty-eight acres, probably an acre or two more than twenty-seven acres lie east of the west line of the northeast quarter of the southeast quarter of the section; that the east half of the northeast quarter of the section contains eighty acres; that more than nineteen acres or one-half of the lot lies within the boundaries described by beginning at a point on the half-section line 930 feet west of the east line of the section or up to the point claimed by the plaintiff in the second count of the declaration and then running south to the lake, thence along the shore eastward to the section line, thence north to the half-section line, thence along that line to the beginning; that the acreage embraced within that description plus that contained in the east half of the northeast quarter of the section makes one hundred acres less a small fraction of an acre; that to include the land lying east of the west line of the northeast quarter of the southeast quarter would increase the acreage to a little more than 107 acres, the excess being more than one-third of the half of the lot conveyed.

The grantor was paid for only one hundred acres, so the plea avers and the evidence shows. The old line fence found there when the re-survey of 1925 was made is located 206 feet east of the point to which the plaintiff claims. The land was sold at twenty-five dollars an acre and the acreage was estimated from the "government map." The purchaser thought Lot 4 contained "forty-three or forty-eight acres." He understood that he was to get by the deed only twenty acres in Lot 4.

It would be needless to quote further from the evidence which fully justified the referee's finding.

It is also contended that the finding of the referee is not sufficient to support the judgment because the referee's finding does not state the quantity of estate of the plaintiff.

The judgment was rendered by the referee, and the judgment states and adjudged the quantity of the estate to which the plaintiff is entitled, the plea avers that both parties claim under the same grantor, that is to say, under the same title.

None of the reasons exist in this case on which the statute Sec. 3238, Rev. Gen. Stats. rests which requires the verdict in ejectment to state the quantity of the estate of the plaintiff. Both plaintiff and defendant claimed the fee simple title. The case was tried by a referee. There was no jury verdict. The referee who entered the judgment was the same official who heard the evidence and made the findings of fact. The judgment declares the quantity of estate to which the plaintiff is entitled as against the defendant. The claims of both plaintiff and defendant rest under the same title, each claiming the same quantity of estate. In such case we think the judgment cures the referee's finding.

No error. The judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J. AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.