WIGGINTON, Judge.
Appellants, who were plaintiffs in the trial court, have appealed a final decree rendered in a suit to quiet title by which it is adjudged that appellee, J. J. Katiba, is the owner of an undivided one-half interest in a parcel of real estate lying in Marion County, appellants being adjudged to be the owner of the remaining undivided one-half interest therein. It is contended by appellants that the chancellor applied to the evidence an incorrect principle relating to the law of equitable estoppel and legal es-toppel by deed.
The evidence, when construed in a light most favorable to appellees, establishes the following facts. In the year 1921 Assid J. Katiba, brother of appellee, purchased an undivided one-hálf interest in the property involved in this proceeding. In order to avoid his interest being subjected to the claim of a creditor, he arranged for title to the property to be conveyed to his sister, Wardie Katiba, who was then a citizen and resident of Syria. In the year 1923 Assid J. Katiba purchased the remaining undivided one-half interest in the subject property, and in furtherance of his plan to avoid subjecting his property to the claims of his creditors, he arranged for this interest to be conveyed to his brother, the appel-lee herein. This plan was consummated with the full knowledge and pursuant to the agreement of both brothers. Although both Assid J. Katiba and appellee resided upon and farmed the parcel in question, ap-pellee left the land in 1926 and never thereafter returned to live upon it or assist in its development.
Assid J. Katiba remained on the property and in 1929 married one of the appellants, Audrey M. Katiba. As a result of this marriage there was born the remaining appellant, Mariam V. Katiba Cook. Although the evidence is conflicting with respect to the extent to which appellee made financial contributions to the development of the property and retirement of the purchase money mortgage thereon, the evidence indicates that such participation, at best, was slight compared to the contributions made by Assid J. Katiba and the appellant members of his family.
In October of 1942 Assid Katiba requested of and received from appellee a deed of conveyance. This deed described several parcels of land in which appellee owned the entire interest as well as the parcel involved in this proceeding, title to which he held only an undivided one-half interest under the circumstances herein-above related. The deed was one of bargain and sale containing no limitations as to the estate conveyed, no covenants, war *456 ranties, claim of title or restrictions. This deed was duly recorded in the records of Marion County. Thereafter, Assid Ka-tiba and his family continued to live upon and farm the land in question, paying taxes assessed thereon, paying the outstanding purchase money mortgage, claiming and receiving homestead tax exemption on an allowable portion thereof.
Assid Katiba’s sister, Wardie Katiba, to whom an undivided one-half interest to the land was conveyed in 1921, subsequently moved with her family to South America where she died. Several years prior to his death Assid J. Katiba made a trip to South America for the purpose, among others, of procuring from the heirs of his deceased sister a deed conveying to him whatever interest they claimed in the subject lands, but was unsuccessful in this mission.
Assid Katiba died in 1956 and his brother, Abdullah Katiba who served as executor of his estate, urged the appellant Mariam V. Katiba. Cook to go to South America for the purpose of acquiring the interest of Wardie Katiba’s heirs in the property involved herein. Such suggestion was rejected by appellant.
On January 27, 1959, this action was commenced by complaint in chancery in which it was prayed that appellants’ title to the entire interest in the land involved in this proceeding be quieted and confirmed as against any claim or demand which may be asserted by the heirs of Wardie Katiba to whom the undivided one-half interest had been conveyed in 1921. Shortly after commencement of this action appellee was successful in procuring from the defendant heirs of Wardie Katiba a deed conveying to him the undivided one-half interest which they held in the farm property. The complaint was then amended by dismissing the Wardie Katiba heirs as parties defendant and joining appellee as defendant with respect to the issues drawn by the complaint.
In the action we now review the chancellor granted appellees’ motion to dismiss the complaint. On appeal to this court that order was reversed and the cause remanded for further proceedings.[1] Upon remand of the cause appellee answered the complaint, following which extensive testimony was taken and evidence adduced by the parties. After final hearing the decree appealed was rendered.
As noted above, in 1942 appellee, J. J. Katiba, reconveyed to his brother, Assid, whatever title he acquired in the subject property by virtue of the 1923 conveyance to him of an undivided one-half interest therein. The deed executed by appellee contained no covenants, warranties or limitations as to the estate conveyed. It is appellants’ contention that under the doctrine of after-acquired title, the principle of legal estoppel or estoppel by deed precludes appellee from asserting any interest in the land by virtue of the deed he received from the Wardie Katiba heirs conveying to him the undivided one-half interest inherited by them from their deceased mother. In support of this position appellants rely upon the decision of the Supreme Court in the case of Trustees of Internal Improvement Fund v. Lobean[2] in which the doctrine of legal estoppel was defined as follows:
“Legal estoppel or estoppel by deed is defined as a bar which precludes a party to a deed and his privies from asserting as against others and their privies any right or title in derogation of the deed, or from denying the truth of any material fact asserted therein. In other words, legal estoppel contemplates that if I execute a deed purporting to convey an estate or land which I do not own or one that is larger than I own and I later acquire such estate or land, then the subsequently acquired land or estate will by estoppel pass to my grantee.
*457 “Legal estoppel or estoppel by deed is determined by the intention of the parties as expressed in the deed, whether or not legal estoppel may be applied in a given case is dependent entirely on the language used in the deed or which appears on the face of the instrument.”
Appellants insist that according to the clear provisions of the 1942 deed it was the intention of the parties that appellee convey to appellants’ predecessor in title, Assid Katiba, full title to the land in question, and because of this appellee is now estopped to claim an interest in derogation of the title he previously alienated. Admittedly the broad sweeping language employed by the court in the Lobean decision, when literally construed, lends strength to appellants’ position. Our task is to determine whether the general rule set forth in Lobean is applicable under the facts shown by the record in the case sub judice.
Appellants strenuously contend that according to Lobean the parties to a deed of conveyance are unalterably bound by the recitals appearing on the face of the instrument and are estopped to assert a contrary position regardless of their relationship or the circumstances under which the conveyance is made. Such a theory of law renders immaterial the good faith or fraudulent intent of a grantor in making such a conveyance. We are unable to agree that such position represents the law of this state.
The underlying basis for the principle of legal estoppel as defined in Lobean was explained by the Supreme Court in the case of Murray v. Newsom [3] in which it is said:
“The doctrine of the inurement to the grantee of an after-acquired title by his grantor rests on the principle of estoppel and the question is one of intention. Where it appears to have been the object of the covenant to assure to the grantee the full and absolute enjoyment of the property without any right of the grantor to divest or interfere with the possession at any time thereafter, the deed operates as an estoppel against the claim of the grantor to a subsequently acquired estate, whether a present right passes or not.
^ % ‡
“The deed operates by way of es-toppel and not by direct transfer of an interest which the grantor did not have at the time of the conveyance. In some cases where the rule is liberally applied it has been held that the warranty is not the real, at least not the exclusive, ground of the estoppel, but the principle is that the grantor should not be permitted to impeach and nullify his solemn deed and act by alleging his own fraud and inequity as by claiming and setting up a title against his grantee which could not have existed but for his own fraudulent act and intent. Even where there is no covenant of warranty the estoppel applies where the assertion of the subsequently acquired title would contradict the express .or implied affirmation of the deed. See Hallyburton v. Slagle, 132 N.C. 947, 44 S.E. 655. ‘It depends on good' faith, right conscience, fair dealing, and sound- justice.’ See Lindsay v. Freeman, 83 Tex. 259, text 265, 18 S.W. 727, 730; Bell v. Twilight, [26 N.H. (6 Foster). 401] supra.”
The facts in the case we now review establish without question that appel-lee agreed with appellants’ predecessor that an undivided one-half interest in the subject land would be conveyed to him as an accommodation measure. Such conveyance created a resulting trust by which appellee held title for the account of the beneficial owner. When appellee reconveyed title to the beneficial owner in 1942, both grantor and grantee were fully informed as to the nature and extent of the title being con *458 veyed. The grantee, Assid Katiba, knew that appellee grantor held only the naked legal title to an undivided one-half interest in the land and that by his conveyance ap-pellee was merely discharging the obligations of his trust by vesting in Assid such interest as appellee may have possessed in the property. Assid knew that by this conveyance he was perfecting his title to only an undivided one-half interest in the land. This is demonstrated by the fact that some years later he traveled to South America in a futile attempt to secure a conveyance from the heirs of Wardie Katiba to the remaining one-half interest inherited by them from their mother, title to which had by that time become indefeasible under the applicable statute of limitations.[4]
The writer of this opinion seriously doubts the applicability of the legal estoppel doctrine to a deed executed by a person in a representative capacity holding only a naked legal as distinguished from a beneficial title to land so as to preclude that person from asserting an after-acquired title to a beneficial interest in the same land. It is unnecessary to specifically pass on this point, however, because there is no evidence in the record establishing that appellee was motivated by a fraudulent intent or design either in executing the reconveyance to appellants’ predecessor in 1942, or in acquiring the outstanding undivided one-half interest in the land from the heirs of Wardie Katiba in 1959. The record reveals no evidence from which it can be reasonably concluded that appellee’s conduct is subj ect to condemnation because of a lack of “good faith, right conscience, or fair dealing.”
Appellants’ last point on appeal urges error by the chancellor in failing to properly apply to the facts in this case the doctrine of equitable estoppel by which appel-lee should' be held estopped from asserting the title acquired by him from the Wardie Katiba heirs. It appears to be appellants’ position that appellee’s conveyance to appellants’ predecessor in 1942 passed the whole title to the land on reliance of which appellants and their predecessor occupied the property, retired a mortgage and paid the taxes thereon, made substantial improvements, and in other ways greatly enhanced the value of the estate. Appellants urge that under these circumstances appellee is equitably estopped to now assert any title to the property either by virtue of his deed from the Wardie Katiba heirs, or otherwise.
In the Lobean case discussed above the Supreme Court defined equitable estoppel as follows:
“Equitable estoppel as applied to land titles is a different thing. It depends on the conduct of the parties for its efficacy. It is not concerned with the language of the instrument and may actually deny the legal effect of the deed. In Florida Land Investment Co. v. Williams, 1928, 98 Fla. 1258, 116 So. 642, 643, this court said:
“ ‘An equitable estoppel, as affecting land titles, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.’
“This jurisdiction has frequently applied the doctrine of legal and equitable estoppel in transactions between individuals. * * * ”
Examining the facts in the case sub judice in light of the principle above stated, we are faced with the inquiry as to what appellee did or did not do, “through his acts, words, or silence,” which led his brother, Assid Katiba, or the appellants in this case, to take a position in which ap-pellee’s present assertion of title would be contrary to equity and good conscience. *459 Our examination of the record fails to reveal any evidence from which it can be reasonably said that Assid Katiba or the appellants herein ever took a position to their detriment because of appellee’s conduct. From the record it appears that Assid Katiba was unable to persuade the heirs of his deceased sister to convey to him the interest they held in the land which appellants now claim. After Assid’s death, his daughter, one of the appellants herein, refused to take any action looking to the acquisition of the outstanding undivided one-half interest held by the Wardie Katiba heirs. Under these circumstances we fail to understand how appellee can be charged with inequitable conduct merely by having done that which his brother, Assid, was unable to do, and which his niece, the appellant Mariam V. Katiba Cook, refused to do, to wit: acquire the interest held by the Wardie Katiba heirs in the disputed property. The moneys expended by appellants and their predecessor in redeeming the mortgage on the property, paying taxes and making improvements is presumed to have been done not only for their benefit, but for the benefit of their cotenants. There is no prayer in the complaint filed in this cause asking that appellants be reimbursed by their cotenants for the sums of money expended by them for the benefit of the whole estate. We concur with the view adopted by the chancellor that under the facts in this case the doctrine of equitable estoppel does not apply so as to bar appel-lee’s right to assert his interest in the land which forms the subject of this proceeding.
In the opinion rendered by this court in our prior consideration of this case by which we held that the complaint stated a cause of action and the cause should be remanded for further proceedings, we pointed out the crucial issue to be determined by the chancellor to be as follows:
“ * * * The vital question which must be resolved by the chancellor in construing the instrument of conveyance is whether it conveys an undivided one-half interest in said lands or whether such instrument conveys th'e whole title.”
The conveyance referred to in the foregoing statement was the deed from appellee to Assid Katiba executed in the year 1942. On the trial of this cause the chancellor specifically found that the mentioned deed of conveyance conveyed only an undivided one-half interest in the lands claimed by appellants, and did not convey the whole title as appellants contend. We find substantial evidence in the record to support this finding and conclusion when considered in the light of the principle set forth in the Murray v. Newsom decision, supra.
For the reasons herein stated, the decree appealed is affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Cook, et al. v. Katiba, et al., (Fla.App. 1963) 152 So.2d 504.

. Trustees of Internal Improvement Fund v. Lobean, (Fla.1961) 127 So.2d 98.

. Murray v. Newsom, 111 Fla. 193, 149 So. 387, 388, 389.

. Sec. 95.23, F.S.A.