PER CURIAM.
The subject of this interlocutory appeal is an order entered after the rendition of a final judgment which was affirmed by this court (Alter v. Finesmith, Fla.App.1968, 214 So.2d 732 [opinion filed October 15, 1968]). The order determined the interest of the appellee, Singer, in a land trust.
The present appellants, who were the plaintiffs in the trial court, prevailed in that appeal. The present appellee, Robert Singer, petitioned for leave to intervene in the action between the appellants and Frank Alter on the grounds that prior to the litigation he had purchased a portion of Frank Alter’s interest in the land trust which was the subject matter of the litigation. The court allowed the intervention but reserved determination of Singer’s interest until after the entry of a final judgment in the action between the plaintiffs and Alter. When final judgment was entered, Alter was found to have perpetrated a fraud upon the plaintiffs. As a consequence of this finding, Alter forfeited his interest in the land trust. Thereafter, the court held a hearing to adjudicate the inter-venor’s claim and determined in the order appealed that Singer has a 2.41% interest in the land trust.
The plaintiffs, who are the remaining owners under the land trust agreement, maintain on this appeal that the post-judgment order is erroneous because Singer as the assignee of a portion of Alter’s interest cannot take more than Alter had to sell. They argue that because of the fraud, Alter had nothing which he could convey to Singer.
The appellee points out that approximately six years elapsed between the time he purchased his interest from Alter and the time the appellants discovered the fraud which resulted in Alter’s forfeiture. During this time the appellants recognized the participation and the interest of the appel-lee in the land trust. It is clear that the appellee had no knowledge of Alter’s fraudulent conduct and that he had no knowledge of any taint upon the interest which Alter assigned to him. The action instituted by the appellants against Alter did not seek rescission of the land trust agreement but rather sought (in effect) the forfeiture of Alter’s interest in the land trust. The action was governed by equitable principles.
The rule that an assignee occupies the same position as his assignor is subject to the qualification that equitable principles, such as estoppel, may be applied to alleviate its harsh operation. See 6 Am.Jur.2d, Assignments, § 103.
Whether an estoppel exists depends upon the circumstances of the case. Terrell v. Weymouth, 32 Fla. 255, 13 So. 429, 431, 37 Am.St.Rep. 94 (1893). We hold that under the circumstances described above, the appellants are estopped to question the validity of the assignment from Alter to Singer.
We conclude that the appellants have not shown the trial court’s determination that Singer’s interest survived the final judgment against Alter to be erroneous.
Affirmed.