PEARSON, Judge.
This appeal arose out of two separate suits between the parties. In the first suit, *403 Southernmost Humane Society, the appellant herein, was the defendant in an action brought by the appellee City of Key West to evict the Society from property occupied by it as a tenant at sufferance. To this suit, the Humane Society filed a defense claiming that the City was estopped from evicting the Society because the City’s inaction over a period of years had led the Society to believe that it would be allowed to continue the occupation of the property. In the second suit, the Humane Society was the plaintiff in an action against the City where it sought an injunction to bar the eviction proceedings and claimed damages for improvements that it had made to the property after having been led by the City’s inaction to believe that it would be allowed to continue to occupy the property. The trial judge found as follows:
“(a) That the SOUTHERNMOST HUMANE SOCIETY, INC. has failed to prove that the CITY should be estopped from evicting the SOUTHERNMOST HUMANE SOCIETY, INC. or otherwise remain in possession of the property described in the City’s Complaint.
“(b) That the improvements constructed by the SOUTHERNMOST HUMANE SOCIETY, INC. on the subject real property were constructed prior to the expiration of the license agreement and said improvements have been conducted by other persons for the benefit of both parties and that the value of said improvements is negligible due to depreciation and normal wear and tear, with the exception of the mobile home and the cabana attached thereto.
“(c) That the mobile home and cabana attached thereto are personal property owned by the SOUTHERNMOST HUMANE SOCIETY, INC. which said Society is entitled to remove from the premises, therefore, it is . . . ”
The factual basis for the Humane Society’s claim that the City should be estopped from taking possession of the property is that in 1952 the City entered into a ten year lease with the Society for a certain parcel of land; that after expiration of the lease, the Humane Society remained in possession of the land; that in 1970, the parties entered into a lease ending on December 1, 1973; that after that date, the Society continued to operate its pound and facilities there, and continued to invest time and money in improvements to the property; that in 1975, the Society requested a new lease; that the Society was led to believe by the City’s silence and inaction that it could continue to occupy the premises and to make further expenditures and improvements, which the City knew about; that no response was made to the request for a new lease, but that in 1977, the City commenced eviction proceedings. Thereupon, the Society alleged that due to the City’s representations, declarations, actions, conduct and inaction in permitting substantial sums to be spent on the property, equitable estoppel should prevent the eviction. Further, it is alleged that this situation would result in unjust enrichment to the City, that the City should be enjoined from evicting the Humane Society and that damages should be awarded for services performed for the City.
We recognize the fact that:
“An equitable estoppel, as affecting land titles, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence [led] another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.” Florida Land Inv. Co. v. Williams, 98 Fla. 1258, 116 So. 642, 643 (1928).
See also Coram v. Palmer, 63 Fla. 116, 58 So. 721 (1912). However, the record in our present case supports the trial judge’s finding that the actions of the City were not sufficient to pass title to the Humane Society or to allow it to remain indefinitely without a lease. Cf. Blackiston v. Smith, 73 Fla. 25, 73 So. 839 (1917).
Further, the Humane Society failed to prove circumstances under which its eviction should be enjoined. We find, however, that the trial judge’s finding that the improvements constructed by the Society were *404 all undertaken prior to the expiration of the licensed agreement between the parties and that their value was so negligible as to be unworthy of the assessment of damages is without evidentiary basis in this record. The only testimony of the value of these improvements was given by the Society’s witnesses and was not contradicted in the record. We, therefore, conclude that it was improper for the trial judge to fail to assess compensation for these damages if he found that the action of the City misled the Society into believing that it had a right to remain on the property for an indefinite period. Accordingly, we remand the damage issue to the trial court for further determination, with the provision that the trial judge may take additional testimony on the issue if he finds the taking of such testimony necessary or proper.
Affirmed in part, reversed in part and remanded.