PER CURIAM.
The appellant, Agustin Garcia, M.D., was appointed chief of anesthesiology of Abbey Hospital in 1975. Seven years later he entered into a written employment agreement with appellee, the Abbey Foundation Inc., d/b/a Abbey Hospital and Medical Center, to continue in that position. In 1984, the hospital was sold to Abbey Health Services, Inc. (not a party to this litigation) and renamed North Gables Hospital. Abbey Health Services is a corporation of physician investors, including Dr. Garcia, organized for the express purpose of purchasing Abbey Hospital.
After the sale was complete, Dr. Garcia’s position as chief of anesthesiology was ter *523 minated and his responsibilities and income were accordingly reduced. A new head of the anesthesiology department was retained. Doctor Garcia commenced this action against the Abbey Foundation claiming breach of his employment contract. He appeals the entry of an adverse final summary judgment.[1] We reverse.
Dr. Garcia contends that his employment contract was for a definite term of five years and that Abbey Foundation breached the agreement during the term. He claims further that the contract provision for automatic renewals for a series of three-year terms satisfies the requirement for definiteness. The hospital contends, to the contrary, that the agreement, when construed as a whole, was to be of an indefinite duration and therefore was terminable at the will of either party.
Abbey Hospital contends, as an affirmative defense, that since the hospital materially changed its position in reliance on Dr. Garcia’s alleged conduct as a primary promoter and shareholder of the enterprise established to buy the hospital from appel-lee, he is estopped from asserting a claim for breach of contract. It is argued, more specifically, that Dr. Garcia was instrumental in causing the breach of the agreement. Dr. Garcia admits to active participation in the attempts to secure a sale of the hospital but submits that he never intended to relinquish his position as chief of his department.
The dispositive question is whether the hospital demonstrated conclusively the nonexistence of any genuine issue of law or material fact and that it was entitled to a judgment as a matter of law. We hold that the hospital failed to meet the heavy burden and reverse.
Where, as here, there is a substantial factual question as to whether plaintiffs employment was for a definite term or terminable at will, summary judgment is precluded. Nunes v. Margate Gen. Hosp., 435 So.2d 916 (Fla. 4th DCA 1983). It cannot be concluded from the face of the agreement that there is an absence of terms as to the length of time for which the employment shall continue. Compare Wynne v. Ludman Corp., 79 So.2d 690 (Fla.1955) (summary judgment affirmed where employment contract was terminable by the employer at any time). Further, whether an estoppel exists depends on the circumstances of the case. Finesmith v. Singer, 216 So.2d 39 (Fla. 3d DCA 1968). The existence of disputed facts involving estoppel presents a question for determination by the trier of facts. 28 Am.Jur.2d Estoppel and Waiver § 149 (1966).
The amended final summary judgment is reversed and the cause remanded for further consistent proceedings.

. This case is factually the same as case number 85-2556, filed earlier, which was dismissed with the right to refile. The trial court had denied Abbey Foundation’s motion for summary judgment in the prior action.