## STRONG et al. v. BROWARD COUNTY KENNEL CLUB, Inc., et al.

### Civil Action No. 1066-M.

District Court, S. D. Florida, Miami Division.

April 16, 1948.

Rosenhouse & Rosenhouse, of Miami, Fla., for plaintiffs.

C. H. Landefeld, Jr., of Hollywood, Fla., and McCune, Hiaasen, Fleming & Kelley, of Fort Lauderdale, Fla., for defendants.

De VANE, District Judge.

This is a derivative stockholders' suit under Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, originally brought by three minority stockholders of Broward County Kennel Club, Inc., against the corporation and its officers. The complaint alleges payment of excessive salaries, diversion and misuse of funds and general mismanagement of the corporation by its officers from its organization to date of the filing of this suit and seeks a judgment in favor of the corporation against the officers named in the complaint. Plaintiffs also seek the appointment of a receiver, dissolution of the corporation and the sale of its assets and distribution of the proceeds among the stockholders. The answer of the officers of the corporation deny any mismanagement and assert that except for the financial backing given the corporation by William J. Syms, Sr., the majority stockholder, during its days of adversity, the corpora-

tion long ago would have folded up or been forced through bankrupty.

Shortly after the suit was filed the court heard and passed upon a motion to dismiss the suit on several grounds, the more serious of which was the denial by defer dant, Syms, that he was a resident of the State of Florida, as alleged in the complaint. The court took testimony upon this issue and held that Syms was a resident of the State of New Jersey, where plaintiff, Lee McRitchie, also resided. Upon the court so holding, counsel for plaintiffs moved for the withdrawal of Lee McRitchie as a party-plaintiff, which motion was granted and the case has proceeded to final hearing without said Lee McRitchie being a party to the suit.

The court next set the case down for the determination of the rights of the plaintiffs for the immediate appointment of a receiver, their legal right to affect a dissolution of the corporation and the sale of its assets and distribution of the proceeds among the stockholders. After hearing upon these issues the court found and held that plaintiffs were not entitled to the appointment of a receiver, and that under the law of Florida a dissolution of the corporation, the sale of its assets and distribution of the proceeds among the stockholders could not be affected in this suit.

The court held, however, that the allegations of the complaint were sufficient to justify an inquiry into the management of the affairs of the corporation by William J. Syms, Sr., the majority stockholder, and his hand-picked officers, to determine if they had been guilty of mismanagement and what, if anything, they owed the corporation, and the court, under date of April 23, 1946, appointed J. B. Patterson of Fort Lauderdale, Florida, Special Master to take testimony upon this issue. The Special Master was directed, in the order of appointment, "to determine if there had been diversion and misuse of funds and general mismanagement of said corporation by said officers and directors, to determine what amount, if any, the individual defendants, named in this suit, may owe said corporation by reason of the foregoing, and to report to this court his findings, conclusions and recommendations in the case." See

Strong et al. v. Broward County Kennel Club, Inc., et al., D. C., 65 F.Supp. 407.

Under date of August 30, 1947, the Special Master filed his report, which included his findings, conclusions and recommendations. In this report the Special Master found there had been no diversion or misuse of funds or general mismanagement of said corporation by its officers and directors and recommended that the complaint be dismissed. Exceptions were filed by counsel for plaintiffs to the Special Master's report and his findings, conclusions and recommendations. The court set the Exceptions for hearing and allowed counsel for plaintiffs approximately an entire day to present and argue them. After due and careful consideration of the Exceptions taken by plaintiffs to the Special Master's Report and his findings, conclusions and recommendations, the court finds and holds that the evidence in the case fully supports the findings and conclusions of the Special Master and under authority of Rule 53(e) (2), Rules of Civil Procedure, the Special Master's findings and conclusions are accepted, approved and confirmed. The Special Master's Report fully sets forth the facts in support of his findings and conclusions and no useful purpose would be served by repeating them here.

The Special Master requests that his fee be fixed in the sum of Thirty-five Hundred ($3,500) Dollars. Counsel for parties plaintiff and defendant agree that the fee is reasonable and the Special Master will be allowed a fee of Thirty-five Hundred ($3,500) Dollars, in this case.

The matter of the taxation of costs in this case presents some difficulty to the court. The Special Master recommends that the costs be assessed against the defendant, Broward County Kennel Club, Inc. Rule 54(d), Rules of Civil Procedure, provides that "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

Had Lee McRitchie remained a party plaintiff in this case or had he been impleaded as a party defendant, the court

would have no hesitancy in taxing the entire costs of this proceeding against him. Despite the fact that he secured his withdrawal as a party plaintiff in this case, so as to give this court jurisdiction to try the same, he continued as the sole stockholder actively prosecuting the litigation against the defendants. The other two plaintiffs named in the case, and in whose name the case has been prosecuted to final conclusion, never appeared at any hearing and never gave any testimony by deposition or otherwise. By their conduct they appear to have no interest whatever in this litigation, although the record fails to show that they attempted to terminate the litigation after Lee McRitchie was permitted to withdraw as a party plaintiff. Lee McRitchie, not being a party to the litigation, the court is without authority to tax costs against him.

When the case was referred to a Special Master the court held that the complaint contained sufficient allegations of mismanagement to justify an inquiry into the affairs of the corporation and its management by William J. Syms, Sr., the majority stockholder of the corporation. The court is of the opinion that because of this holding at least part of the costs may appropriately be taxed against the corporation. The costs are made up of the following items:

1. Special Master's fee.

2. Court Reporter's fee for taking and transcribing the original testimony, including per diem.

3. Depositions costs.

4. Clerk's costs and marshal's fees.

The court holds and will adjudge that one-half of the amount allowed the Special Master as compensation for his services and one-half of the Clerk's costs and Marshal's fees be taxed against plaintiffs and one-half be taxed against the corporate defendant. Parties plaintiff and the corporate defendant will each be ordered and adjudged to pay the court reporter's fees and per diem for taking and transcribing the original testimony of witnesses called by each parties plaintiffs and defendants. Plaintiffs and the corporate defendant will be ordered and adjudged to pay the costs of depositions taken by each parties plaintiffs and defendants. Should plaintiffs fail to pay their share of the costs adjudged against them in this case within sixty (60) days from the entry of the judgment for costs, it will be ordered that execution issue against them and levied upon their stock in the Broward County Kennel Club, Inc., in satisfaction of said judgment for costs and a lien will be created by said judgment against said stock until the judgment for costs against them is satisfied.

The Clerk of this court will be directed to tax costs in accordance with this Memorandum Decision.