**SYMS v. McRITCHIE.**

No. 13154.

United States Court of Appeals, Fifth Circuit.

March 30, 1951.

C. A. Hiaasen, Fort Lauderdale, Fla., for appellant.

H. N. Boureau, Miami, Fla., C. H. Landefeld, Jr., Hollywood, Fla., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This action in interpleader[1] was instituted by Broward County Kennel Club, a corporation, to determine the ownership of 172 shares of the capital stock of said corporation, evidenced by stock certificate No. 29, issued to appellee Lee McRitchie, to which appellant William J. Syms, Sr., asserts an adverse claim. McRitchie's title prevailed below, and Syms appealed.

The Kennel Club corporation was organized by Syms and ten others in 1934. Syms was the moving sprit in organizing the corporation, and since its organization has been, and still is, its majority stockholder, a director, officer, and its general

manager. McRitchie did not become a stockholder until November 2, 1939.

One of the by-laws adopted by the corporation at the first meeting of stockholders, December 17, 1934, and ever since in effect, provides in substance that any stockholder desiring to sell his stock shall give notice of his intention to all other stockholders, stating the price at which it will be offered. The other stockholders shall have the first right to buy at that price before the stock can be validly sold to others.[2]

On November 2, 1939 Syms sold to appellee McRitchie, theretofore a non-stockholder, the 172 shares of stock here in question, which sale he now seeks to avoid because the requirements of said by-law were not observed. The by-law casts the duty of giving notice upon the seller, not upon the purchaser. Syms asserts, however, that McRitchie is conclusively estopped by the judgment in a prior suit between the parties to deny that such sale is void, and contends that the estoppel may be used offensively against McRitchie here.

In the prior litigation, a derivative stockholders' suit brought by McRitchie and other minority stockholders against Syms and others, on January 10, 1945, the principal issue was whether or not Syms was mismanaging the affairs of the corporation. In that suit, however, the plaintiffs (including McRitchie) also asserted that stock sales in contravention of the by-law were void, and for that reason sought to cancel several sales by other stockholders to Syms, as well as a gift of 150 shares by Syms to his son. McRitchie withdrew as a party plaintiff in the prior suit, and the suit proceeded to final judgment in the name of the other plaintiffs. McRitchie, however, continued active in its prosecution, testified therein, and perhaps paid some of the expenses.

It was held in the prior suit that there was no mismanagement, and the complaint was dismissed. The Court there interpreted the by-law to be a limitation upon the right of a stockholder to sell his stock to a non-stockholder, and "approved, ac-

---

1. 28 U.S.C.A. §§ 1335, 1397, and 2361, and Fed.Rules Civ.Proc. Rule 22(2), 28 U.S.C.A.

2. The full text of this by-law is quoted in Strong v. Broward County Kennel Club, D.C., 65 F.Supp. 407, 409.

918

cepted, and confirmed" the Special Master's holding that the by-law did not apply to sales by stockholders *inter sese,* nor to gifts of stock, and hence did not affect the stock transactions in issue in that suit.[3]

Shortly after the termination of the prior suit, Syms notified the Kennel Club corporation that by reason of the interpretation of the corporate by-law in that suit, his sale of 172 shares of stock to McRitchie, theretofore, a non-stockholder, without complying with the by-law, was "illegal," and that he claimed the ownership thereof, as well as of dividends already declared but unpaid thereon, in amount of approximately $94,600. The Kennel Club thereupon instituted this interpleader to determine the question of ownership. As Syms is still the majority stockholder and in complete domination of the Kennel Club's affairs, this action is little more than an effort by Syms to rescind his sale to McRitchie. No one else is complaining.

■ The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand, or upon a different claim or demand. In the former case, a judgment upon the merits is an absolute bar to a subsequent action, not only with respect to matters determined in the former suit, but also with respect to every matter which might have been litigated to sustain or defeat the claim. In the latter case, the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the prior action. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Kelliher v. Stone & Webster, 5 Cir., 75 F.2d 331; Troxell v. Delaware, L. & W. R. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Tait v. Western Md. Ry. Co., 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405.

■ It is of the essence of estoppel by judgment that it be certain that the precise issue raised in the second suit was determined by the former judgment. Commis-

sioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. If there be any uncertainty in the record as to whether it was so determined, the whole subject matter of the second action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point to have been involved and determined in the former action. De Sollar v. Hanscome, 158 U.S. 216, 15 S.Ct. 816, 39 L.Ed. 956.

■ The usual test of identity of issues is whether the same evidence would suffice to sustain both. If different evidence would be required to sustain the two actions, a judgment in one is no bar to the other. U. S. v. The Haytian Republic, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930.

■ The judgment in the prior suit between these parties does not estop McRitchie here, because of differences in issues and subject matter. The 172 shares which are the subject of this suit were in nowise in issue in the prior suit, nor was that suit in aid of McRitchie's title to said shares. In the prior suit the issues concerned only the mismanagement of the corporation, the effect of the by-law upon a gift of stock by Syms to his son, and upon the sale of stock by other stockholders to Syms, who was also a stockholder, to which transactions it was held the by-law did not apply. Here the issue is the effect of the by-law upon the sale of other shares of stock by a stockholder (Syms) to a non-stockholder (McRitchie), a question not involved in the prior suit, determination of which would rest upon different evidence, and would be controlled by different principles of law, than those upon which the prior suit was determined.

■ Moreover, no one can assert an estoppel against his own grant. Even if the prior judgment could be regarded as an estoppel against McRitchie, certainly Syms is also estopped to claim any advantage by reason of his own disobedience of the by-law in his sale to McRitchie. Thus would arise an estoppel against an estoppel, which

3. Strong v. Broward County Kennel Club, D.C., 65 F.Supp. 407; Id., D.C., 77 F. Supp. 262; appeal dismissed 5 Cir., 170 F.2d 72. The text of the Special Master's interpretation of the by-laws does not appear in the Court's published opinions.

would place the matter at large, that is to say, one estoppel would neutralize the other. Florida Land Inv. Co. v. Williams, 98 Fla. 1258, 116 So. 642; Branson v. Wirth, 17 Wall. 32, 21 L.Ed. 566. The circumstances here are thus peculiarly appropriate for leaving the parties where they voluntarily placed themselves, which the trial Court did.

Nor was it error, in the circumstances, for the Court below to decree to McRitchie the 172 shares of stock, with accumulated dividends, in the absence of an answer by him formally claiming the same. Ordinarily, of course, a claimant should file an answer in interpleader, setting out his claim to the *res* in contest. Here, however, the Court below entered an order allowing McRitchie until October 3, 1949 within which to file his answer and statement of claim, or such motions as he may be advised, directed to the claim of Syms. Within the time allowed, McRitchie filed a motion to dismiss Syms' claim, which motion was granted. Syms must recover, if at all, upon the strength of his own title, not upon the weakness of his adversary's. Having properly dismissed Syms' claim as insufficient upon its face, and there being no other claim to the stock, it was not error for the Court below to dispose of the matter by decreeing the stock, with accumulated dividends, to McRitchie, which was done.

Affirmed.