**GRUBER et al. v. WM. COADY & CO.**

No. 13945.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1952.

---

W. G. Ward, Miami, Fla., for appellants.

J. M. Flowers, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a summary judgment entered in plaintiff's favor on the allegations in its petition alone, unsupported by affidavit or other proof.

Brought by Wm. Coady & Co., meat packers, against Chicago Meat, Poultry and Provisions Company, hereinafter called "Chicago", Sidney Gruber and Louis Spector, dba General Discount Company, hereinafter called "Discount", and the United States of America, the suit was for the recovery of $15,126.97 for meat sold by it to Chicago and by that company resold to the Navy Department of the United States of America.

The claim was: that the meat had been shipped by a trucking company with instructions to collect the price of the meat prior to delivering it; that Chicago had given, and the trucking company had taken, its check for the sum; that the check was fraudulently issued when Chicago did not have sufficient funds on deposit to pay it; that the meat was resold to the Navy for $16,732, and a purported assignment to Discount of Chicago's right to receive the payment for the meat had been mailed to the Navy; that the purported assignment is void and of no force and effect in that the same was made without consideration and for the purpose of hindering, delaying, and defrauding payment of plaintiff's claim; that Discount is not entitled to collect the funds and the assignment should be set aside and held as void and of no force and effect; and that, unless restrained from doing so, the Navy might pay the funds to Discount, and plaintiff would lose them.

The prayer was: for an injunction restraining the other defendants from collecting the money from the United States and for an order authorizing the Navy Department to pay the money into the registry, the United States thereupon to be dismissed as a party defendant to the suit; that the court decree that the plaintiff has an equitable lien upon the funds for the sum of $15,126.97, or an equitable right to be paid that sum; and that the court will order payment to the plaintiff in such manner as the court deems just and equitable.

Chicago filed an answer denying all of the allegations of fraud, but, since it is making no claim to the moneys in court and the controversy is between Coady and Discount, this answer is of little moment.

A temporary restraining order having been issued and the moneys having been paid into court, Discount filed a motion to vacate the order and an answer to plaintiff's suit, in which it denied all charges of fraud and collusion and insisted that, under Sec. 524.01 of the Florida Statutes,

F.S.A., Assignments, it was entitled to receive the moneys, and prayed that the moneys in the registry be paid over to it.

The pleadings standing thus, as between plaintiff and Discount, plaintiff, on Sept. 21, 1951, filed a motion for a summary judgment in favor of plaintiff for the moneys deposited in the court, alleging that there are no genuine issues of fact to be tried and that plaintiff is entitled to such a judgment as matter of law.

The motion was set down for hearing on November 2nd, and on that date Louis Spector filed an affidavit in support of Discount's claim. In it he denied the claim that Discount had acted fraudulently in connection with the assignment, and affirmed that Discount had acted in good faith and for a valuable consideration, and was in law entitled to receive the moneys in court.

On November 2nd, the motion for summary judgment came on to be heard. The district judge, declining to permit [1] Discount to file an amended answer setting up the fact, or to take testimony under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A. and authorize a subpoena of a witness to prove, that Coady had agreed to take an open check, entered summary judgment in favor of the plaintiff.

Discount, within ten days thereafter, filed a motion for a new trial attaching thereto the affidavit of Goldberg with regard to negotiating with plaintiff for the delivery of the meat on an open check, the motion for new trial was denied, and Discount has appealed.

Here Discount, urging that by the action of the court it was deprived of its defenses on the merits and that it was not correct to find, as the court did, that there were no issues of fact to be determined, insists that the court erred in entering summary judgment for the plaintiff.

We agree, and, agreeing, order the judgment reversed for trial on the merits. In reversing it, we do so without undertaking to determine the legal results which will flow from the determination of the fact issues in accordance with the varying contentions of the parties. Any other course would be pure hypothesizing.

The district judge seemed to think that the title to the meat had passed to Chicago, and from it to the United States, and that, notwithstanding this fact, plaintiff was entitled to the money as against the assignee. Plaintiff seemed to contend that title had not passed because of fraud in connection with the transaction and because it had not, it was entitled to the money. Discount

---

1. The record of the proceedings before the court on Nov. 2nd, showed, among other things:

The entry into the case for the first time of one W. G. Ward as new counsel for Discount, and a running colloquy between the court and the respective counsel.

In the course of it, Mr. Ward stated: "The remarks I wanted to make to the Court, in the first place, we have located and can get the evidence which I asked for the other day but couldn't find the man, the agent of the Chicago people * * * and we would like to move the Court at this time for permission to file an amended answer, or to ask this Court to permit the taking of testimony under Rule 56, so that Mr. Harry Goldberg could be subpoenaed and brought before this Court to testify to the effect that it was specifically understood and agreed that their open check could be obtained."

The Court, stating that he would deny the motion, Mr. Ward again urged that he be allowed to submit an amendment as above. The court said: "* * * what I am doing, is granting a summary judgment * * * then after I entered that, if Mr. Ward wants to come in on these matters he has indicated just now with reference to the passing of the title being different from the status on which I have made the announcement let him come in and do that."

Whereupon Mr. Flowers stated: "Your Honor is going into the merits? *We are not entitled to the money if all of those facts he sets up are true. He wants to relitigate the whole case.*" (Emphasis supplied.)

The Court: "I am deciding it on the record now and making that order. If he comes in with that he will have to come in on some supplemental proceedings."

Whereupon the Court, on the pleadings of plaintiff, without any supporting affidavits or other tender of proof, entered judgment for the plaintiff.

seemed to think that if plaintiff had agreed to accept an open check, then title would have passed to Chicago, and Discount would have been entitled to the money, while Mr. Flowers, according to his statement in the record, seemed to agree with this view, for he said: "We are not entitled to the money if all of those facts he sets up are true."

What, and all, that we are holding is that, with these counter contentions of fact and law unresolved, it cannot be said that the case was one for summary judgment. On the contrary, it was one for determination on a trial and not on motion as to which state of facts was really true and the legal results of those facts when found. Until these fact issues are resolved, the case cannot be determined, and any opinion ventured now would have to be hypothetical. The judgment is, therefore, reversed and the cause is remanded for a trial, on the merits, of the issues tendered.

Reversed and remanded.