Julius HYMAN, Appellant,

v.

Joseph REGENSTEIN, Appellee.

No. 15105.

United States Court of Appeals Fifth Circuit.

May 27, 1955.

Rehearing Granted May 27, 1955.

Appellee's Petition for Rehearing Denied June 23, 1955.

Claude Pepper, Earl Faircloth, Hilton R. Carr, Jr., Herbert A. Warren, Jr., Neal P. Rutledge, Miami, Fla., for appellant.

Floyd E. Thompson, Chicago, Ill., Walter Humkey, Miami, Fla., for appellee.

Before HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

Upon reconsideration of the matter, we are not convinced of the correctness of the trial court's action in granting the summary judgment at the time and in the circumstances shown by the record. What causes us concern is appellant's contention that he has not yet been permitted to prove his case; that he was cut off by the district court from introducing all of his evidence; and that, without affording him a hearing for the presentation of such evidence, the court granted a summary judgment against him.

On the former hearing, we considered that the appellant was relying on an express oral contract of joint venture made in 1930; and we did not intend to hold that such a contract may not be implied from circumstantial evidence. On the contrary, we recognize the law on this subject to be that a contract such as is alleged by the appellant may be implied in whole or in part from the conduct of the parties, Tompkins v. Commissioner, 4 Cir., 97 F.2d 396, 399; but we do not hold or intimate that there is substantial evidence to support such an implication.

The appellant and appellee are first cousins; they had close family ties, and were good friends personally. After receiving a bachelor's degree from the University of Chicago, the appellant studied at the University of Leipsig, receiving a doctor's degree in chemistry from that institution. In the latter part of 1930, the appellant filed patent applications

covering the use of certain polymers, produced by the Pure Oil Company's cracking process, and the removal of the dark brown color from these polymers; but the appellant was in no financial position to exploit these inventions, so he explained them and his situation to the appellee. There is a conflict as to what was said by them and as to the intention of the parties; but appellant alleges that the appellee, in the fall of 1930, after consultation with his attorney, orally agreed with the appellant to enter upon a joint venture of developing the subjects of said two applications, the agreement being made in Illinois.

The complaint in this action was filed on Feb. 13, 1953, in a state court of Florida, and transferred to the court below on the ground of diversity of citizenship. The suit was to require the appellee (a) to account to the appellant for his share of the profits of the enterprise, (b) to declare the dissolution of the joint-venture agreement, and (c) to recover damages sustained by appellant because of the breach by the appellee of his obligations thereunder. The transcript of the record in this case is in three large volumes containing 1295 printed pages. The defendant's answer was filed on July 17, 1953, after the overruling of his motion to dismiss, his motion for summary judgment, and his motion to strike certain parts of the complaint. Numerous other motions were made, and the depositions of five witnesses were taken.

On September 16, 1953, the defendant moved to carry back to the complaint the motion of plaintiff to strike affirmative defenses; and the next day moved for an order requiring the plaintiff to reply to the defendant's answer. The defendant's motions to reply and to carry back were denied, and the plaintiff's motion to strike affirmative defenses was granted. On March 2, 1954, the defendant moved for leave to supplement his motion for summary judgment on the ground that the deposition of Julius Hyman, plaintiff, presenting new matter, had since been taken and filed of record, which motion was granted, and on March 5, 1954, the summary judgment now under review was entered.

In the judgment appealed from, it is recited that there were three motions for a summary judgment; that the first was based on the lack of an essential element of a cause of action, which motion the court had previously denied; and the court said that there were sufficient conflicts in the testimony taken by depositions so far to create issues of fact which would have to be disposed of by trial; and that this motion should be denied. Then, after stating that No. 2 was a motion for summary judgment based on the general doctrine of res judicata, involving the five law suits referred to therein; and that No. 3 was a motion for summary judgment based on the statute of limitations, the court said:

"While the substance of these motions No. 2 and No. 3 have been heretofore before me and denied, with the reading of the testimony I am now convinced that the subject matter of assignment of patents has been throughly litigated and decided and that this is decisive of this case. Heretofore I have been of the opinion that the theory of plaintiff in this suit was not sufficiently determined in the five suits, or some of them, and, hence, I determined that the plaintff should have the privilege of trying his theory of the case against Regenstein, when he, Regenstein, alone was defendant. But, as stated, from the reading of the testimony I am now convinced that the matters and things which were decided in these five suits are determinative of the issues made in this Florida case.

"The tests of 'identity' relied upon by plaintiff are in this case sufficiently met by the announcement of the law as made in Freeman on Judgments, Volume 2, Pages 1462–7, and in the other authorities cited in defendant's brief.

"The effort of the plaintiff to inject his joint adventure theory in certain of the five cases relied upon by defendant as supporting his application of the res judicata doctrine, and plaintiff's unsuc-

cessful efforts to that end, have given me considerable concern throughout this and other arguments in this case, but I am persuaded that the matters which were decided were so fundamentally opposite to the predicate upon which plaintiff relies in this case, that said decided litigations should be held · decisive of plaintiff's contentions here.

"Then, also, as I am now more fully advised from this testimony by deposition, this plaintiff should have instituted this suit at least by September, 1946, if not sooner, and that laches in this equity suit bars the plaintiff from proceeding herein.

"I am quite aware of plaintiff's contention as to the Statute of Limitations, being relied upon by defendant in an equity suit on summary judgment motion. I think, however, that Webb v. Powell, 5 Cir., 87 F.2d 983, McNair v. Burt, 5 Cir., 68 F.2d 814, and other cases cited in defendant's brief, support the granting of relief by summary judgment in this case. Hence, I think that this Motion No. 3, now re-submitted, is well taken.

"For these reasons Motion No. 1 is denied, and Motions No. 2 and 3 are granted, and this case should be and the same is hereby dismissed, each party bearing his own cost; hence, no costs are taxed."

The judicial process should not be hindered by the prolixity of pleading or the verbosity of argument. In the administration of justice, the object of pleading is to ascertain the subjects for decision. Toward the attainment of this end, the most satisfactory mode of proceeding consists in making each of the parties state his own case, and collecting the points in controversy from the opposition of their statements. Anciently the parties orally stated their claims in open court, and the judge collected the issues from their conflicting statements, making a record thereof in the minutes of the court. Later, written pleadings came into use, and the parties themselves were required to disclose the issue or issues in controversy, the object being to obtain a clear and distinct statement of the claim of each party. Modern pleadings are the mutual altercations between the plaintiff and defendant, which must be set down and delivered to the proper officer in writing, the rules of which have become so liberal as frequently to destroy their certainty and introduce an endless wrangle, impeding the administration of justice. To correct this evil, we have the pre-trial conference, which reverts to the ancient practice of oral pleading minuted down by the court or its clerk.

In the instant case, except for the amount in controversy, we have an ordinary suit in equity for an accounting by one of the parties to a joint enterprise against his co-partner. The plaintiff claims to have made an oral contract with the defendant in 1930, and to have operated thereunder for a great number of years. The defendant positively denies the existence of such contract; and also, in bar of the suit, pleads laches and several applicable statutes of limitation, as well as five instances of res judicata or judicial estoppel. The court below refused to require the plaintiff to reply to the affirmative defenses in the answer; and averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. Rules 7(a) and 8(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The pleadings in this case were long, tedious, and argumentative; in many respects they were in violation of the Federal Rules of Civil Procedure; but, after the answer was filed and the court had ruled on the motions presented, we think that the issues were defined with reasonable certainty and that the summary dismissal of the suit was erroneous. The case was ready for trial on the merits, much evidence had been taken by depositions, and other testimony was to be offered. The court held that the complaint stated a claim upon which relief could be granted; and it never receded from this ruling. It held that there was a genuine issue of fact as to the lack of an

essential element of the cause of action. If there was a genuine issue of fact on that point, there were incidentally genuine issues as to the date of the contract, how long it lasted, if and when it was breached, and other collateral matters. Likewise, the issues of laches and statutory limitations had to await their time for decision. The pleas of res judicata or judicial estoppel could not be disposed of in batches. If one of the five suits is a bar, that ends this case; if none is a bar, all are not more potent. These are affirmative defenses that must meet the test required by the doctrine of res judicata.

 Estoppel arises where a man has done some act that precludes him from averring anything to the contrary. The doctrine of res judicata, or estoppel by judgment as it is sometimes termed, is founded on sound considerations of public policy. One is the maxim that a man should not be twice vexed for the same cause; another, that it is for the public good that there be an end of litigation. In order to make a matter res judicata, there must be a concurrence of four conditions, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

We are convinced that the summary judgment was not an appropriate means of disposing of this litigation. We are sending this case back, not for a proceeding de novo, but for the parties to complete the evidence, and for the judge to make findings of fact, state his conclusions of law, and decide the issues presented. To that end, the petition for rehearing is granted, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Coe v. Riley, 5 Cir., 160 F.2d 538; Butcher v. United Electric Coal Co., 7 Cir., 174 F.2d 1003; Chappell v. Goltsman, 5 Cir., 186 F.2d 215; Syms v. McRitchie, 5 Cir., 187 F.2d 915; Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 190 F.2d 817; Surkin v. Charteris, 5 Cir., 197 F.2d 77; Gruber v. Wm. Coady & Co., 5 Cir., 199 F.2d 554; International Paper Co. v. Maddox, 5 Cir., 203 F.2d 88; Zampos v. United States Smelting, Refining & Mining Co., 10 Cir., 206 F.2d 171; Loews, Inc. v. Bays, 5 Cir., 209 F.2d 610.

Reversed.